United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR FOOD SAFETY, *et al.*,

Plaintiffs,

v.

MARGARET A HAMBURG, M.D.

Defendant.
_______________________________/

No. C 12-4529 PJH

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

Now before the court is the motion of defendant Margaret A. Hamburg, M.D., for a stay pending appeal. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion for the following reasons.

**BACKGROUND**

On August 29, 2012, plaintiffs Center for Food Safety and Center for Environmental Health brought an action against defendant Margaret Hamburg, M.D., Commissioner of the U.S. Food and Drug Administration ("FDA"). Plaintiffs' action concerns the Food Safety and Modernization Act of 2010 (FSMA), which directs the FDA to promulgate specific food safety rules by certain deadlines. After the FDA missed the deadlines for seven of these rules, including the July 4, 2012 deadline for an intentional adulteration rule, plaintiffs sought declaratory and injunctive relief.

In the course of litigation, the parties submitted cross-motions for summary judgment. On April 22, 2013, the court granted plaintiffs' motion and denied the FDA's motion. The court found that the FDA had violated the FSMA and the Administrative Procedures Act ("APA") by failing to promulgate the rules by their statutory deadlines.

The court reserved the issue of the scope of injunctive relief for a later date.

The court fleshed out the injunctive relief in an order filed on June 21, 2013. In that order, the court required the FDA to (1) publish a notice of proposed rulemaking (NPRM) for each of the rules by November 30, 2013; (2) close the post-NPRM comment periods by March 31, 2014; and (3) issue final regulations by June 30, 2015.

On July 19, 2013, the FDA filed a motion seeking reconsideration or stay of this timeline as applied to two of the rules – the sanitary transport and intentional adulteration rules. On August 13, 2013, the court granted the motion in part and denied it in part. The court permitted the FDA sixty additional days to issue an NPRM for the sanitary transport rule, and the court pushed back the deadline to close the comment period for that rule sixty days as well. But the court left intact the original timeline for the intentional adulteration rule.

On September 12, 2013, the FDA filed a notice of appeal of the June 21 and August 13 orders. The next day, on September 13, 2013, the FDA moved for a stay pending appeal of the requirement in these orders that it issue the intentional adulteration rule's NPRM by November 30, 2013.

## DISCUSSION

### A. Legal Standard

A court may stay previously awarded injunctive relief if that injunctive relief is pending appeal. Fed. R. Civ P. 62(c). Granting a stay is "an exercise of judicial discretion." Virginia Ry. Co. v. United States, 272 U.S. 658, 672 (1926). The party requesting a stay bears the burden of convincing a court to exercise that discretion. Nken v. Holder, 556 U.S. 418, 433-34 (2009). The court's discretion is guided by four factors: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

"The first two factors of [this] standard are the most critical." Nken, 556 U.S. at 434. As for the first factor, a "strong showing" does not require showing success is more likely than not, but rather that there is a "reasonable probability" or "a substantial case for relief on the merits." Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012). In contrast, the second factor has a higher burden in that there must be a probable or anticipated irreparable injury to the applicant if the injunction is kept in place but found erroneous on appeal. Id. at 1215. "Irreparable injury" means an injury that cannot be adequately measured or compensated by money. Amoco Prod. Co. v. Village of Gambell, AK, 480 U.S. 531, 545 (1987).

B. The FDA's Motion for Stay Pending Appeal

The FDA requests a stay as to one facet of the court's order granting injunctive relief: the November 30, 2013 deadline for an NPRM on intentional adulteration. Absent a stay, however, this deadline is unlikely to cause irreparable harm to the FDA.

Under the APA, an NPRM must include: "(1) a statement of the time, place and nature of the public rule making proceedings; (2) reference to the legal authority under which the rule is proposed; and (3) either the terms or the substance of the proposed rule or a description of the subjects and issues involved." 5 U.S.C. 553(b). An NPRM must also provide notice to parties that may be effected by the final rule that their interests are at stake. See Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158, 175 (2007) (suggesting that the final rule need only be "reasonably foreseeable" based on the NPRM). Finally, so as to permit meaningful public comment, the NPRM must also disclose the key studies and factual information that the NPRM relies upon. See United States v. Nova Scotia Food Products Corp., 568 F.2d 240, 251 (2d Cir. 1977).

The court recognizes that the FDA is unprepared to issue a final intentional adulteration rule by November 30, 2013. But that is not what the injunction requires. Rather, the FDA must merely promulgate an NPRM by that date. In its briefings to this court, the FDA fails to argue that it cannot publish an NPRM by November 30 that meets minimum APA requirements, or that provides notice to interested parties, or that discloses

information bearing on the NPRM that the FDA currently possesses. The FDA thus fails to allege facts giving rise to an irreparable injury.

The facts that the FDA does allege give rise to only reparable injuries in the event the injunction is reversed. The FDA alleges it currently lacks sufficient information on which to base its rule. But the FDA can remedy this deficiency after the NPRM is issued by using public comment to collect more information before the agency promulgates a final rule. Relatedly, the FDA alleges it cannot currently conduct a sufficient cost-benefit analysis or sufficiently determine which foods are in high risk of intentional adulteration. But if the FDA's analysis in the NPRM is unsatisfactory, the court is confident that it can remedy this before issuing the final rule by June 30, 2015. If not, and if the court of appeals overturns the terms of this court's order granting injunctive relief, the FDA can request that court to provide it more time to collect this information and to make these determinations by extending the comment period or final rule deadlines.

Moreover, the court rejects any suggestion that the November 30, 2013 deadline's mere interference with other agency priorities constitutes an irreparable injury. See Natural Res. Def. Council, Inc. v. U.S. Food and Drug Admin., 884 F. Supp. 2d 108, 123-25 (S.D.N.Y. 2012) (noting that "the argument 'that potentially wasted and diverted staff resources constitutes irreparable harm' has been held meritless" (quoting Shays v. Fed. Election Comm'n, 340 F. Supp. 2d 39, 48 (D.D.C. 2004))).

Because the NPRM deadline will not cause irreparable injury to the FDA, the court confines its analysis of the other stay factors. See Wisconsin Gas Co. v. F.E.R.C., 758 F.2d 669, 674 (D.C. Cir. 1985) ("We believe that analysis of [irreparable harm] disposes of these motions and, therefore, address only whether petitioners have demonstrates that in the absence of a stay, they will suffer irreparable harm."). As to the likelihood of success on appeal, the FDA fails to argue in this motion that the court applied the wrong standard when shaping the injunctive relief, and the arguments that the FDA does make do not serve to eliminate the court's discretion to order the injunctive relief that it did. Finally, as for the third and fourth stay factors, neither adds much to the analysis in this case. The public

needs an intentional adulteration rule, appropriate in scope and substance, as soon as possible. As the public's interest mirrors congressional intent, the court accounted for the public's interest when it issued the injunction. Further, the FDA's arguments that the NPRM deadline will somehow harm the public's interest are unpersuasive for the reasons stated above.

## CONCLUSION

For the foregoing reasons, the court hereby DENIES the FDA's motion for a stay pending appeal.

**IT IS SO ORDERED.**

Dated: October 21, 2013

PHYLLIS J. HAMILTON
United States District Judge