1 | GEORGE A. KIMBRELL (*Pro Hac Vice*)
2 | PAIGE M. TOMASELLI State Bar No. 237737
  | RACHEL A. ZUBATY State Bar No. 240785
3 | Center for Food Safety
  | 303 Sacramento St., 2nd Floor
4 | San Francisco, CA 94111
  | T: (415) 826-2770 / F: (415) 826-0507
5 | Emails:  gkimbrell@centerforfoodsafety.org
  |          ptomaselli@centerforfoodsafety.org
6 |          rzubaty@centerforfoodsafety.org

7 | *Counsel for Plaintiffs*

8 | STUART F. DELERY
  | Assistant Attorney General
9 | MAAME EWUSI-MENSAH FRIMPONG
  | Deputy Assistant Attorney General
10 | MICHAEL S. BLUME
11 | Director, Consumer Protection Branch
   | GERALD C. KELL
12 | Senior Trial Counsel
   | Consumer Protection Branch
13 | U.S. Department of Justice
   | P.O. Box 386
14 | Washington, DC 20044
15 | T: (202) 514-1586 / F: (202) 514-8742
   | Email: gerald.kell@usdoj.gov

16 | *Counsel for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR FOOD SAFETY, *et al.*, | Case No.: 12-cv-04529-PJH |
| *Plaintiffs*, | |
| v. | **FEE STIPULATION** AND ORDER |
| MARGARET A. HAMBURG, M.D., | |
| *Defendant*. | |

FEE STIPULATION

1    IT IS HEREBY STIPULATED AND AGREED by and between the Plaintiffs on the
2 one hand (the Center for Food Safety and the Center for Environmental Health) and the
3 Defendant on the other (Dr. Margaret A. Hamburg, Commissioner, U.S. Food and Drug
4 Administration); and

5    IT IS HEREBY ORDERED, by this Honorable Court, that the Center for Food Safety,
6 as counsel for Plaintiffs, having received an assignment from all the Plaintiffs in this action of
7 their respective rights to seek or recover fees, expenses, and costs in this action, is to be awarded
8 the sum of $340,000 in attorneys' fees, expenses, and costs pursuant to the Equal Access to
9 Justice Act, 28 U.S.C. § 2412.

10    Within sixty (60) days after the Court endorses and "so orders" this Stipulation, the U.S.
11 Food and Drug Administration (FDA) and/or the Department of Health and Human Services
12 (HHS) shall remit the amount of $338,847.70 to the Center for Food Safety in full satisfaction of
13 Plaintiffs' fees and expenses.  Such amount shall be remitted by Electronic Funds Transfer to an
14 account to be specified by counsel for the Plaintiffs, and said counsel shall provide to counsel for
15 the Defendant, within five business days after the Court endorses and "so orders" this
16 Stipulation, all information necessary for the agency to effectuate the Electronic Funds Transfer.

17    In addition, within ten days after the Court endorses and "so orders" this Stipulation, the
18 Department of Justice will submit a request to the Judgment Fund for immediate payment of
19 $1,152.30 to the Plaintiffs in full satisfaction of Plaintiffs' claim for costs incurred in this matter.
20 Assuming that the United States Treasury officials who administer the Judgment Fund determine
21 that payment of the settled costs is properly made from the Judgment Fund, payment will be
22 made either by a United States Treasury check, payable to the Center for Food Safety, or by an
23 Electronic Funds Transfer.

24    The payments described in the preceding paragraphs shall be the full and final
25 settlement of any and all claims that any of the Plaintiffs, or any of their current or former
26 attorneys, or any of their respective heirs, executors, successors, and assigns, may now have or
27 may hereafter acquire against the Defendant or against FDA, HHS, or the United States of
28 America, pursuant to any statute or rule or regulation, for attorneys' fees, expenses, or costs

FEE STIPULATION

2

incurred in connection with this action, with the exception of any future action brought to enforce the consent decree entered by the Court. Other than what is specifically set forth in this Stipulation, the Plaintiffs and their counsel expressly waive and release the Defendant, FDA, HHS, and the United States of America from all claims and liability for attorneys' fees, expenses, and costs that Plaintiffs or their current or former counsel may now have or may hereafter acquire in connection with any and all claims and causes of action that were or have been asserted in this action, or concerning any of the matters alleged in this action, with the exception of any future action brought to enforce the Consent Decree entered by the Court. "Future action[s] brought to enforce the Consent Decree" includes but is not limited to Plaintiffs' right to seek further EAJA reimbursement in the event that: (1) Defendant moves the Court for an extension of time for one or more of the FSMA rulemaking deadlines established by the Consent Decree; (2) Plaintiffs disagree that such an extension is warranted and file an opposition to Defendant's motion; and (3) the Court denies Defendant's motion.

This Stipulation shall not be construed to include a finding or concession that the position of the Defendant or her counsel in this litigation was not substantially justified, or that the Defendant is liable as a matter of law for the payment of any attorneys' fees, expenses, or costs. The provision for attorneys' fees, expenses, and costs in this Stipulation is solely by agreement of the parties and shall not serve as precedent in any other case.

**For Plaintiffs:**

[signature]

Date: February 20, 2014

**For FDA:**

/s/ Gerald C. Kell

Date: February 20, 2014

FEE STIPULATION

3

1  ENTERED AND DATED this  25th  day of  February    , 2014.

2

3

4  _____
   United States District Court Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

F<small>EE</small> S<small>TIPULATION</small>

4